Ruffin, Chief Justice,
after stating the record as above, proceeded: — The question brought up by the appeal, is necessarily confined to the order, denying the motion made on behalf of the plaintiff. But we cannot forbear remarking upon the unusual and incorrect manner in which the parties treat the defence, set up under the statutes of limitations. That defence, it is true, is proper for a plea, the office of which is to render an answer unnecessary. If the defendant does not, indeed, choose to bring it forward, by way of plea, he may insist on it in an answer. But if he does, the whole case made by the bill and answer, is open for consideration; and the party cannot claim to have that part of his answer, as constituting a distinct and substantive bar, disposed of before the cause is ready for hearing on all the pleadings and proofs. It is, doubtless, competent for the court, upon the hearing, fb decline entering into other parts of a cause, if there be one decisively against the plaintiff. But that is only to save time and unnecessary labour, and is a decision of the court in the cause, when the whole of it is open to discussion upon the hearing, and is very different from setting the case down to be heard upon the bill, one particular part of the answer, and the replication to it. There is, in fact, no plea to be argued. There is an answer, and the cause now stands on a general replication to it; and therefore the equity cannot be denied, until the case shall come on regularly to a hearing.
An order of 5®^“^ alaetdcter-^vseSand cannot bo but fey consent, or whon imposed as the terms upon which a ¡^™nted to the party aJung lt-
A similar reason sustains the particular order complained against. It is contrary to the course of the court to oi’der a reference for taking accounts, on motion. It involves the whole merits of the cause, since such a reference can never be made, until the defendant is found by the court to be bound to account; and that is the question to be decided at the hearing. Inquiries as to particular facts, may, indeed, be ordered upon the hearing, in aid of the Chancellor, upon matters reserved for further directions ; but a reference to take an account upon a bill, whose sole object is to get such an account, is a peremptory adjudication of the defendant’s liabilities, according to the result, as it may be found by the master, and overrules all the bars set up in the answer; so far, at least, as to prevent the bill from being afterwards dismissed. If it be said that the reference asked, was to be without prejudice, the reply is obvious, that as an order of the court in invitum, such an order is incongruous and absurd, since it professes to reserve that for future adjudication, which by the import of the same order, has been already determined. The parties may consent to such a proceeding, for the purpose of speeding the cause; and the court may require in a proper case, such consent from a party, as a condition on which a favour may be granted to him. But without consent, the court can never make such an order. Attempts have been made, upon the pretext of a loose practice in our courts, to escape from the consequences of a refer- . . T , . r . ence, by treating the case as still open to the equity of the defendant; but such attempts have not been sanctioned by 1 J this court. Bruce v. Child, 4 Hawks, 372. It is deemed safe and proper to adhere to the established rules and practice of courts of equity. It must, therefore, be certified to the court of Craven, that, in the opinion of this court, there is no error in the order of that court, from which the plaintiff appealed; and the appellant must pay the costs of the appeal.
Per Curiam. Decree below confirmed.